UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

NORTHERN DIVISION



FILED
NOV 2 8 2006

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| MICHAEL LARSON, | \* | CIV 05-1053 |
| Plaintiff, | \* | |
| -vs- | \* | ORDER AND OPINION |
| GARY BUNT, Deputy Sheriff, Brown County Sheriff's Department and JOEL CARDA, Trooper, South Dakota Highway Patrol, | \* | |
| Defendants. | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Plaintiff filed a *pro se* complaint against defendants, alleging among other things that defendants used excessive force in arresting him, thus violating his constitutional rights. Specifically, he alleges that a taser was improperly used against him, causing him injury. The allegation as to injury is that the plaintiff suffered "psysical (sic) trauma." There is nothing in the record to even indicate any injury other than the temporary discomfort to be expected. The record in fact indicates that no injury was sustained. After the taser was used once, plaintiff was able to continue to resist arrest and to assault defendants, breaking defendant Bunt's finger and straining defendant Carda's rotator cuff. These strenuous activities by plaintiff would indicate "no injury" to plaintiff. All questions of injury are, however, immaterial given the default by plaintiff.

Plaintiff has been convicted by a jury of aggravated assault of Bunt and Carda, arising out of the arrest in question. He has been sentenced as a habitual criminal by a state court judge to two consecutive terms of 150 months each.

Defendant Bunt has served and filed a motion (Doc. 25) for a summary judgment with the statement of undisputed facts (Doc. 27) as required by D.S.D.LR 56.1 (B) and required

memorandum of law (Doc. 26). Bunt has also submitted three supporting affidavits (Docs. 28, 29, and 30) and proof of service (Doc. 31) showing service by mail of all documents on October 19, 2006. Defendant Carda has served and filed a motion (Doc. 32) for summary judgment with the required statement of undisputed facts (Doc. 34) and memorandum of law (Doc. 35). Carda has also submitted an affidavit (Doc. 33). All Carda documents were served on plaintiff by mail on October 20, 2006.

Plaintiff had, pursuant to D.S.D.LR 7.2, until November 13, 2006, to respond to both summary judgment motions, calculated by excluding the first day, adding three days for service by mail, and adding additional time for the last day which would have otherwise fallen during the weekend. Plaintiff failed to timely respond. On November 22, plaintiff filed a "Motion for Extension of Time to Reply" (Doc. 36), alleging only that his relatives needed time to negotiate with a view to employing an attorney. Plaintiff does not contest any of the allegations made in the motions for summary judgment and the supporting documentation. He does not seek to be relieved of his defaults. Bunt filed a response (Doc. 37) and Carda joined in it. "All material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party." D.S.D.LR 56.1 (D). With these material facts being conclusively admitted, the motions for summary judgment would certainly be granted with opposing attorneys being involved.

The court will give consideration to the fact that plaintiff is a *pro se* litigant in custody. Should the local rules in the District of South Dakota and the Federal Rules of Civil Procedure be ignored because of such facts? The law in the Eighth Circuit is clear that the court need not do so. We know that the court was not required to advise plaintiff, as a *pro se* litigant, of the date by which he was to respond to the motions for summary judgment. *See* Beck v. Skon, 253 F.3d 330, 333 (8th Cir. 2001). "Like any other civil litigant, Beck was required to respond to defendants' motions with specific factual support for his claims to avoid summary judgment. *See* Fed.R.Civ.P. 56(e) ("[An] adverse party may not rest upon the mere allegations or denials of . . . [his] pleading, but . . . [must] , by affidavits or as otherwise provided in this rule, . . . set forth specific facts showing that there is a genuine issue for trial."); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-52 . . . (1986) (explaining that non-movant must offer controverting affidavits

2

or evidence from which a reasonable jury could return a verdict in his favor)." Id. *Pro se* representation does not excuse a party from complying with the Federal Rules of Civil Procedure. Ackra Direct Mktg. Corp. v. Fingerhut Corp., 86 F.3d 852, 856 (8th Cir. 1996). *See also* Bennett v. Dr. Pepper/Seven Up, 295 F.3d 805 (8th Cir. 2002).

The local rule requiring a detailed response to a summary judgment motion within twenty days was clear. *See* Ceridian Corp. v. SCSC Corp., 212 F.3d 398, 404 (8th Cir. 2000) (noting that where the language of a rule is unambiguous, a party's failure to follow it will not constitute excusable neglect under Rule 60(b)). Plaintiff here has not made any claim of excusable neglect. Nevertheless, the court deems it proper to have discussed the reasons for granting the motions and not allowing plaintiff any additional time.

Now, therefore,

IT IS ORDERED, as follows:

(1) The motion for summary judgment on behalf of defendant Bunt (Doc. 25) is granted, there being no genuine material issues of fact.

(2) The motion for summary judgment on behalf of defendant Carda (Doc. 32) is granted, there being no genuine material issues of fact.

(3) The motion of plaintiff (Doc. 36) for an extension of time is denied.

(4) This action is dismissed on the merits without the taxation of costs.

Dated this 28th day of November, 2006.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK.
BY:_____
　　　　　　　　DEPUTY
(SEAL)